Nov. Term, 1854.

LILLY
v.
STAHL.

---

LILLY *v.* STAHL and Others.

Section 351 of c. 30, R. S. 1843, does not require the petition therein authorized to be postponed till the administrator shall voluntarily proceed to make final settlement of the estate.

APPEAL from the *Tippecanoe* Probate Court.

PERKINS, J.—This was a petition by the heirs of *William Frederick Stahl*, in the *Tippecanoe* Probate Court, against the administrator upon his estate, praying a distribution of the surplus, &c.

The petition alleged that the administrator, *John Lilly*, received 787 dollars and 36 cents; that the estate was not

*Tuesday, December* 5.

indebted; that a long time had elapsed since distribution should have been made; that it had been demanded, &c. A genealogical table was made part of the petition, showing the heirship of the plaintiffs.

The defendant answered, in general terms, that he had not paid all the debts; that he had not collected all the dues, particularly a 20 dollar note sent to *Ohio* for collection, and that he required proof of the heirship of the plaintiffs. He admitted that he had received 787 dollars and 35 cents of assets, 454 dollars and 62 cents of which was left in cash by the deceased, and he claimed that the debts and expenses amounted, and would amount, to some 250 dollars.

The heirs offered in Court, as they alleged they had done before petition filed, to take the 20 dollar *Ohio* note, and permit it to be credited to the administrator in his account. They excepted to his answer for indefiniteness in regard to the dues uncollected, and the reasons for not paying the debts, amounting to far less than the cash on hand left by the deceased; and the Court sustained the exceptions.

The defendant refused to answer over, and subsequently, the record states, the parties, by counsel, came, "and this cause was set down for final hearing, on motion of complainants, upon bill, answer, exhibits, and proofs, and admissions by parties in open Court made; and it appearing to the satisfaction of the Court from the admission of said defendant in open Court, that each and every of the notes taken by the said defendant, as administrator, on sale of the personalty of said deceased, have been fully paid to said defendant; it is therefore considered, found, adjudged and decreed by the Court, that there is now in the hands of said defendant, after payment of all debts of said deceased, the sum of 549 dollars and 82 cents, that said petitioners are the sole heirs at law of said deceased as charged, and are entitled thereto as such heirs in the following proportions," &c.

The administrator appealed to this Court.

It is here contended that the petition should have been dismissed because prematurely brought; that it could only

be filed after the administrator had reported the estate settled and the surplus ready for distribution. We think section 351, R. S. 1843, p. 549, the law governing this case, authorized this proceeding. The section reads:

"The widow of the deceased, his heirs and legatees, or any of them interested in such estate, may file, in the proper Probate Court, their joint or several petition, alleging any questions of law or of fact, proper for the decision of such Court, respecting said estate, and claiming their respective distributive shares or legacies," &c. There is nothing here requiring the petition to be postponed till it shall suit the convenience or interest of the administrator to report the estate settled. And it comes with a very bad grace, we may remark, for the administrator in this case to urge the point under consideration. He was appointed in *July*, 1849, and came immediately into possession of nearly double the amount of cash necessary to pay all debts and expenses, even at the enormous rates charged and allowed by the Probate Court for services in settling this estate. This petition was not filed till *November*, 1850, sixteen months after his appointment, and it seems a singular plea to make, that in that length of time the few debts owed by the deceased could not be settled out of the cash on hand. As to the dues to the estate, the record shows that they had all been collected except a small claim which the heirs received as cash.

The other questions in the cause all depended on evidence, and we are unable to review the decision of the Court below upon them, as the finding of that Court was upon proofs and admissions of the parties satisfactory to it, but which are not embodied in the record, as the extract above makes manifest, and hence must be presumed to have been sufficient.

*Per Curiam.*—The decree is affirmed, with 5 per cent. damages on the amount due from the administrator, to be apportioned according to the shares respectively in the original decree; and also with costs.

*R. C. Gregory* and *R. Jones*, for the appellant.

*G. S. Orth* and *E. H. Brackett*, for the appellees.